# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SONIA LOPEZ, an Individual,

    Plaintiff,

v.

THE KROGER COMPANY d/b/a SMITH'S FOOD & DRUG CENTERS, INC., an Ohio Corporation; DOE EMPLOYEE I, an Individual; DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive,

    Defendants.

Case No.: 2:16-cv-02457-KJD-PAL

**ORDER**

Currently before the Court are Plaintiff, Sonia Lopez's, Motions to Amend and Remand (#15/19). Defendant, Smith's Food & Drug Centers, Inc. ("Smith's"), filed a response in opposition (#20), to which Plaintiff replied (#22). Additionally, before the Court, is Plaintiff's Motion for Leave to File a Sur-Reply (#28).

**I. Background**

Lopez was shopping in a grocery store owned by Smith's on or about February 18, 2015. While passing an ice machine, Lopez claims she slipped and fell in a puddle of water. According to

Lopez, employees of Smith's knew of the puddle in front of the ice machine and neither cleaned it up nor placed warning signs in the vicinity.

Lopez subsequently filed a negligence suit in Nevada state court against Smith's and several unidentified "Doe" defendants. Smith's filed a motion to remove the case to this Court based on diversity jurisdiction as Lopez is a citizen of Nevada and Smith's is an Ohio corporation with a principal place of business in Utah. Several of the Doe defendants were presumed by Lopez to be Nevada residents but, because they were initially unidentified, they were not considered for diversity purposes when removing the case.

Lopez now seeks to amend her complaint to name a Doe defendant, store manager Uriel Venegas. Because Venegas is a Nevada resident, joining her to this action would destroy diversity jurisdiction. Thus, Lopez now seeks to remand the case back to Nevada state court. Smith's contends that joining local employees to this action has no purpose other than destroying diversity and that Venegas is not a necessary party to this litigation pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

**II. Discussion**

Judges have significant leeway in responding to attempted joinder of nondiverse defendants. Clinco v. Roberts, 41 F. Supp. 2d 1080 (C.D. Cal. 1999). According to 28 U.S.C. Section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Naming Doe defendants counts as joinder for purposes of Section 1447(e). Casas Office Machines, Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 674 (1st Cir. 1994) (citing legislative history

as supporting the conclusion). Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief. IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000) (citations omitted).

After assessing the validity of the removal, the Court must address two factors when considering a Section 1447(e) amendment: (1) whether the joined party is necessary for just adjudication under Federal Rule of Civil Procedure 19(a); and (2) whether the claims against the joined party seem valid.[1]

A. Standard for removal

A defendant or defendants may remove a suit from a state court to federal court only if it could have been filed there originally. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, and where complete diversity exists between the parties. 28 U.S.C. § 1332(a). The citizenship of defendants sued under fictitious names is disregarded for purposes of removal. 28 U.S.C. § 1441(a).

Removal jurisdiction based on diversity is determined at the time the complaint is filed. See

---

[1] "There are a variety of factors courts have considered while exercising their discretion under § 1447(e), including: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Fed. Rule Civ. Proc. 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid. Other factors ... include; (6) the possible prejudice that may result to any of the parties in the litigation; (7) the closeness of the relationship between the new and the old parties; (8) the effect of an amendment on the court's jurisdiction; and (9) the new party's notice of the pending action." Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1173–74 (E.D. Cal. 2011), aff'd in part, 604 F. App'x 545 (9th Cir. 2015) (quoting Oum v. Rite Aid Corp., 2009 WL 151510, *3, 2009 U.S. Dist. LEXIS 5959, *3 (C.D.Cal. Jan. 20, 2009) (internal citations omitted)).

3

Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131-32 (9th Cir. 2002). Diversity must exist at the time of removal. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 690 (9th Cir. 1998). Federal courts strictly construe the removal statute. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability are usually resolved against the right of removal and in favor of remanding the case to state courts. See id.; Abada v. Charles Schwab & Co., 68 F. Supp. 2d 1160, 1162 (S.D. Cal. 1999).

At the time of removal, Lopez and Smith's were the only named parties. Lopez is a citizen of Nevada and Smith's is a citizen of Ohio and Utah. Although Doe parties were listed in the complaint, these parties are disregarded for the purposes of removal, pursuant to Section 1441(a). Further, Lopez acknowledged that her medical bills were greater than $97,000, thus exceeding the $75,000 threshold for diversity jurisdiction. (#8 at 1). Therefore, diversity jurisdiction existed at the time of removal and removal was proper.

B. Just adjudication and joinder under Federal Rules of Civil Procedure 19

To determine if parties must be joined to an action, a court must first determine whether absent parties are "necessary." Dawavendewa v. Salt River Project Agr. Imp. & Power Dist., 276 F.3d 1150, 1154 (9th Cir. 2002). If joining the necessary parties would defeat diversity, then the joinder is not feasible, and the court must next determine whether the absent parties are "indispensable." Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312–13 (3d Cir. 2007). A case cannot go forward without indispensable parties and must be dismissed. Id.; see also Fed. R. Civ. P. 19(b).

Regarding compulsory joinders, to determine if a nonparty is necessary to an action, the court

must first determine whether complete relief is possible among existing parties to a suit. The court must then decide whether a nonparty has a legally protected interest in the suit. Fed. R. Civ. P. 19(a)(1); see also Yellowstone Cty. v. Pease, 96 F.3d 1169, 1172 (9th Cir. 1996). Joint tortfeasors do not need to be parties to a single lawsuit. Temple v. Synthes Corp., 498 U.S. 5, 7 (1990).

When allegations against an employee are entirely connected to their employment with a vicariously liable business, the employee is not necessary to the litigation. See Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1174 (E.D. Cal. 2011), aff'd in part, 604 F. App'x 545 (9th Cir. 2015). In Hardin, all of the plaintiff's factual allegations against the business were prefaced by reference to the business the employee worked for. Hardin, 813 F. Supp. 2d at 1174.

Similarly, in Lopez's Proposed Amended Complaint, the second claim for relief alleges that "Venegas' negligence during the course and scope of her employment or agency directly and proximately caused damages to Plaintiff." (#15-1 at 5). Lopez also alleges that Smith's is "vicariously liable for Defendant Venegas' negligence and for any and all damages flowing therefrom." (#15-1 at 5). Lopez's situation closely parallels the conclusion in Hardin, and thus, Lopez's allegations against Venegas can all be charged against Smith's. See Hardin, 813 F. Supp. 2d at 1174. Additionally, the court in Hardin, concluded that the Plaintiff would not suffer any prejudice if the employee was not a named defendant and the employee remained available as a witness subject to subpoena. Id. Similarly, Venegas has no protected interest in the outcome of this case and Lopez would suffer no harm from Venegas' absence.

C. Validity of claims against the joined party

Lopez has alleged negligent actions by Venegas and is seeking to hold both Smith's and Venegas responsible. Equity and good conscience may require considering the merits of the claims against the joined party to evaluate the consequence of their absence. Republic of Philippines v. Pimentel, 553 U.S. 851, 868 (2008).

Knowing, or even believing, that one's action is necessary for another's aid or protection does not of itself impose a duty to take such action. Restatement (Second) of Torts § 314 (Am. Law Inst. 1965). Liability for inaction is rarely recognized in law except in situations where some special relationship between the parties imposes a duty to act. Restatement (Second) of Torts § 314 cmt c. (Am. Law Inst. 1965); see also Mangeris v. Gordon, 580 P.2d 481, 483 (Nev. 1978). An example of such a special relationship includes businesses open to the public; the business is obligated to act for visitors' welfare. Restatement (Second) of Torts § 314A (Am. Law Inst. 1965); see also Foster v. Costco Wholesale Corp., 291 P.3d 150, 152 (Nev. 2012).

Inaction does not give rise to liability, absent a special relationship between the victim and perpetrator. See Maruho Co., Ltd. v. Miles, Inc., 13 F.3d 6, 10; see also Restatement (Second) of Torts § 314A (Am. Law Inst. 1965). A business is responsible for the safety and welfare of its customers. Id. Any liability for hazards on a business' premises come from the business' obligations to keep its invitees safe. Id. Employees have a responsibility to their employers to act by the contractual bounds of their employment. Id. Lopez has not alleged that employees of Smith's have contractually accepted personal liability for their actions toward its customers. Venegas had no duty to Lopez to act for her welfare, and as such does not bear personal liability for any inaction toward

her. Venegas' inaction may imply negligence of Smith's, but that does not make Venegas a necessary party to claims against Smith's, and Venegas has no duty to act that would give rise to her own liability.

The Court holds that Venegas is not a necessary party to this action and that Lopez would suffer no harm from her absence. Additionally, the Court finds that the claims against Venegas, as well as other Doe parties, are tenuous at best.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend and Remand (#15/19) is **DENIED**.

Dated this 24th day of July 2017.

_____
Kent J. Dawson
United States District Judge