UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SONIA LOPEZ,<br><br>                Plaintiff,<br>  v.<br>THE KROGER COMPANY, et al.,<br><br>              Defendants. | Case No. 2:16-cv-02457-KJD-PAL<br><br>ORDER<br><br>(Mot Compel Docs – ECF No. 36) |

Before the court is plaintiff's Motion to Compel Disclosure of Documents Pursuant to Fed. R. Civ. P. 26 (ECF No. 36). The court has considered the motion, Smith's Opposition (ECF No. 37) and plaintiff's Reply (ECF No. 38).

The complaint in this case was filed in state court and removed (ECF No. 1) October 20, 2016. It involves a slip and fall at a Smith's Food and Drug Store on Maryland Parkway in Las Vegas, Nevada on February 18, 2015. In the current motion, plaintiff seeks an order compelling the defendants to produce all slip-and-fall incident reports for the five-year period prior to the incident at issue. Defendants objected to plaintiff's discovery request, but produced documents concerning prior slip and fall incidents in the front of the store where the ice machine which is the alleged source of the liquid on which plaintiff slipped was located for two years prior to this incident. There were two prior incidents in December 2014, and defendant produced the incident report for them.

Defendants' opposition represents that video surveillance of the incident reflects that a customer took a bag of ice from the ice machine at the front of the store, turned around and put the bag of ice back into the machine and got another bag. The customer looked down as if something may have fallen from the bag. A few minutes after the ice cubes spilled, a store employee walked by and saw the ice, stopped to secure the area, and called a courtesy clerk who cleaned up the ice.

1

Five to six minutes after the courtesy clerk cleaned up the area, the plaintiff is allegedly seen walking rapidly through the area in flip flops. Her right foot slid out in front of her and she went down onto her left leg with her right arm going back for support and stood back up in less than one second. However, the plaintiff claimed that she slipped on ice or water on the ground and fell on her face and broke her tooth and suffered a brain injury, which is belied by the surveillance video. Under these circumstances, defendants argue that plaintiff's request for documents concerning any and all incident reports and related documents pertaining to slip-and-fall incidents in the subject store for the five-year period preceding the incident involved in this case is not relevant. Plaintiff has no evidence to establish Smith's had notice of a permanent unsafe condition, or that the ice machine in the front of the store represents a continuous ongoing problem.

Plaintiff replies that her request for incident reports and related documents for all areas accessible to customers for five years prior to the subject incident is relevant and discoverable. Even if the additional incident reports are inadmissible to show defendant had notice of the issue because it was a temporary condition, the incident reports for five years prior to the incident are relevant evidence of whether defendants adequately trained and supervised its employees on documenting and cleaning up spills. Plaintiff acknowledges that the evidence shows that employees noticed and attempted to clean up the spill. However, the fact that the plaintiff slipped anyway "makes the adequacy of defendants' training of employees and policies and procedures for cleaning up spills relevant." Although the condition of the floor causing plaintiff's fall may have been temporary, "defendants' policies and procedures for cleaning up spills were permanent, or at least static, at the time the incident occurred." For these reasons, and the fact that defendants' 30(b)(6) witness was not adequately prepared to testify about five years of prior incident reports, the court should grant the plaintiff's motion to compel.

Having reviewed and considered the moving and responsive papers and supporting exhibits, the court finds that plaintiff's request for production no 3 for "copies of any and all incident reports, correspondence, writings, lists, regulations, and/or maintenance logs, and/or other documentation, specifically relating to any and all slip-and-fall incidents that occurred at the Smith's where the subject incident occurred, for the period of January 1, 2010 through to, and

including the date of your response to this request" is overbroad, and disproportional to the needs of this case. It requests incident reports for all slip and falls in the store for 5 years prior to this incident regardless of the type of incident, the nature of the substance involved, and where in the store the incidents occurred.

**IT IS ORDERED** that plaintiff's Motion to Compel Disclosure of Documents Pursuant to Fed. R. Civ. P. 26 (ECF No. 36) is **DENIED**.

DATED this 25th day of October, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE